1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7
8
9
10
11
12

FABIAN GODINEZ-OSEGUERA,

          Plaintiff,

v.

KITSAP COUNTY SUPERIOR COURT
JUDGE OR COMMISSONER,

          Defendant.

CASE NO. C13-5150 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

13
14
15
16

     This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 4) and Plaintiff's objections to the R&R (Dkt. 5).

17
18
19
20
21
22

     On March 4, 2013, Plaintiff Fabian Godinez-Oseguera ("Godinez-Oseguera"), an inmate at the Federal Detention Center, filed a motion to proceed in forma pauperis and supporting documentation (*see* Dkts. 1 and 3) as well as a proposed 28 U.S.C. § 1983 complaint asking that the Court order both a change of venue in a pending child custody case from Kitsap County to another county and a stay of the child custody proceeding in state court.  Dkt. 1 at 4.

ORDER - 1

1   On March 21, 2013, Judge Creatura issued an R&R recommending that under the
2   United States Supreme Court's "*Younger* abstention doctrine" the Court abstain from
3   considering Godinez-Oseguera's case and "dismiss the action without granting the
4   Plaintiff in forma pauperis status." Dkt. 4 at 2 (*citing Younger v. Harris*, 401 U.S. 37
5   (1971)) (establishing and extending the doctrine to prohibit federal courts from
6   interfering with state proceedings). The Court agrees with Judge Creatura's
7   recommendation.

8   Although it is not entirely clear in his objections, Godinez-Oseguera seems to
9   assert that his children are suffering abuse and/or neglect allegedly due to a judge's order
10  allowing placement of the children with their mother. *See* Dkt. 5 at 1. He appears to
11  disagree with a judge's decision and seems to argue that he will be unfairly prejudiced if
12  the case is not transferred to another venue. *See id.*

13  As Judge Creature properly analyzed and found, these are state matters to which
14  the *Younger* abstention doctrine applies. In relevant part, Judge Creatura found:

> The factors a court uses to determine if it should abstain from considering a case are:
> (1) whether the underlying proceedings constitute an ongoing judicial proceeding;
> (2) whether the proceedings implicate an important state interest; and
> (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge.
> *Cole v. Cole*, 2012 WL 1825700 (M.D. Tenn. 2012) (applying the abstention doctrine to a child custody case). All of the factors weigh in favor of abstention in this case. Plaintiff alleges that there is an ongoing child custody case in Kitsap County under cause number 12-3-00857-0 (ECF No. 1, proposed complaint, page 3). Child custody is an important state interest. *Hughes v. Hammann*, 23 Fed. App. 337, 338 (6th Cir. 2001) (Applying abstention to a child custody case).

Dkt. 4 at 2.

The Court abstains from interfering with an ongoing child custody dispute in state court. Further, as Judge Creatura noted, Godinez-Oseguera has the opportunity to seek a change of venue in Kitsap County and place his arguments before that tribunal. *See id.* Finally, to the extent that Godinez-Oseguera's complaint makes allegations against a judge or court commissioner based on an unfavorable ruling by him or her, such persons would be subject to judicial immunity. *See, e.g., Mullis v. United States Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987); *Lallas v. Skagit County*, 167 Wn.2d 861, 864 (2009).

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**; and

(2) This action is **DISMISSED**.

Dated this 8th day of May, 2013.

BENJAMIN H. SETTLE
United States District Judge